**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION**

| | |
|---|---|
| NATHAN SWEENEY, individually and on behalf of similarly situated employees, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NATIONAL FITNESS CENTER, INC.; )<br>NATIONAL FITNESS CENTER, LLC; and )<br>SPARTAN FINANCIAL MANGEMENT, )<br>INC.; )<br>)<br>Defendants. ) | Case No. 3:17-cv-2<br>Jury Demanded |

## FLSA COLLECTIVE ACTION COMPLAINT

Plaintiff, Nathan Sweeney, files this Collective Action Complaint against Defendants, National Fitness Center, Inc., National Fitness Center, LLC, and Spartan Financial Management. Inc. ("Defendants" or "National Fitness"), on behalf of himself and other current and former employees of Defendants who are similarly situated, and avers as follows:

1. For at least three years preceding the filing of this action, Defendants have maintained a policy of refusing and failing to pay sales associates, who are compensated on an hourly or on an hourly-plus-commission basis, overtime wages in violation of Section 7 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 207(a).

2. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b), on behalf of himself and other similarly situated employees, for recovery of unpaid overtime compensation, prejudgment interest, liquidated damages, attorneys' fees, and recoverable costs.

3. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5. Defendant National Fitness Center, Inc., is a Tennessee corporation and, upon information and belief, the parent company of Defendant National Fitness Center, LLC and Defendant Spartan Financial Management, Inc., which are likewise organized under the laws of Tennessee.

6. Defendants do business as "National Fitness Center," and they own and operate eight (8) fitness clubs throughout the greater Knoxville, Tennessee area.

7. Defendants share a principal office at 6416 Deane Hill Drive, Knoxville, TN 37919, and each Defendant may be served with process through their registered agent, John G. Captain, at the above-referenced address.

8. Defendants maintain interrelated operations, have common ownership, and share management over labor relations.

9. Defendants, individually and collectively, have annual sales or receipts in excess of $500,000.

10. Defendants, individually and collectively, are covered employers under the FLSA.

11. Plaintiff is a former employee of Defendants and is a covered employee under the FLSA.

12. Defendants employed Plaintiff as a 'sales associate' between January 16, 2015 and July 30, 2015.

13. Plaintiff's principal job was to sell fitness club memberships.

14. Defendants compensated Plaintiff at an hourly rate of $7.50 plus commissions.

15. As to commissions, Defendants maintain a scale in which they paid Plaintiff, and similarly situated employees, between 1% and 6% of their gross sales once a certain minimum sales threshold (e.g., $10,000) was received "in good paper."

16. Defendants move the target from time-to-time, changing the "minimum" thresholds to suit their pecuniary interest.

17. Plaintiff worked on average well in excess of 40 hours a week, he did not receive overtime pay at time and one-half the regular rate of his pay for hours worked in excess of 40 hours during any workweek, and his commission compensation fell well below "half of his compensation for a[ny] representative period. . . ." 29 U.S.C. § 207(i). In fact, during the roughly six months of Plaintiff's employment, his commissions represented only 19.6% of his overall compensation, and failed to exceed even 34.92% during any period.

18. Defendants do not comply with the FLSA's overtime compensation requirements as set forth in Sections 7(a) and 7(i) of the Act with respect to their sales associates who regularly work in excess of 40 hours a week. *See* 29 U.S.C. §§ 207(a) and 207(i).

19. Plaintiff brings this action as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following class:

> All current and former employees of National Fitness Center who worked as sales associates and who were paid on an hourly or hourly-plus-commission basis and who did not receive all overtime compensation due for hours worked in excess of forty (40) per week.

20. Plaintiff seeks to represent only those members of the above-referenced class who, after appropriate notice of their right to opt-in to this action, have provided consent in writing to be represented by Plaintiff's counsel as required by § 216(b). (A copy of Plaintiff's consent to join this collective action is attached as Exhibit 1.)

21. Defendants are liable for their failure to pay Plaintiff and members of the putative class for all hours worked in excess of forty (40) hours at a rate of not less than one and one-half times their regular rate.

22. Plaintiff and all similarly situated employees who elect to participate in this action seek

unpaid overtime compensation, an equal amount of liquated damages, prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

23. Defendants deliberately sought and seek to evade the FLSA's overtime requirements by promising sales associates commission income that does not comport with Section 7(i) of the Act, 29 U.S.C. § 207(i).

24. Accordingly, the 3-year statute of limitations set forth in 29 U.S.C. § 255(a) applies to this collective action.

<u>Prayer for Relief</u>

WHEREFORE, Plaintiff, and all those similarly situated, collectively request that this Court:

1. Issue an Order certifying this action as a collective action under the FLSA and designate the above Plaintiff as representative of all those similarly situated under the FLSA collective action;

2. At the earliest possible time, issue notice of this collective action, or allow Plaintiff to do so, to all persons who have at any time since the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants. Such notice shall inform said persons that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

3. Award Plaintiff and all those similarly situated actual damages for unpaid wages and liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and the class as provided by the FLSA, 29 U.S.C. § 216(b).

4. Award Plaintiff and all those similarly situated pre- and post-judgment interest at the statutory rate as provided by the FLSA, 29 U.S.C. § 216(b).

5. Award Plaintiff and all those similarly situated attorneys' fees, costs, and disbursements as provided by the FLSA, 29 U.S.C. § 216(b).

6. Award Plaintiff and all those similarly situated further legal and equitable relief as this Court deems necessary, just, and proper.

<u>Jury Demanded</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*Richard E. Collins*
Richard Everett Collins (TN Bar # 024368)

COLLINS & DOOLAN, PLLC
422 S. Gay St., Suite 301
Knoxville, TN 37902
(865) 247-0434
richard@collinsdoolan.com